NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**URS ENERGY & CONSTRUCTION, INC., FOR THE USE AND BENEFIT OF THE SECURED CREDITORS OF GROUND IMPROVEMENT TECHNIQUES, INC., PNC BANK, N.A., FIREMAN'S FUND INSURANCE COMPANY, R.N. ROBINSON & SONS, INC.,**
*Plaintiffs*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**v.**

**ROBERT KINGHORN, LAW OFFICES OF FREDERICK HUFF,**
*Movants-Appellants*

---

2019-2101

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00057-RHH, Senior Judge Robert H. Hodges, Jr.

---

Decided: May 18, 2020

---

ANNA BONDURANT ELEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

STEVEN R. SCHOOLEY, Schooley Law Firm, Orlando, FL, argued for movants-appellants.

_____

Before PROST, *Chief Judge*, DYK and WALLACH, *Circuit Judges*.

PROST, *Chief Judge*.

Robert Kinghorn and the Law Offices of Frederick Huff ("Mr. Kinghorn and Mr. Huff") appeal the denial of their motion to intervene post-judgment at the Court of Federal Claims. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

A motion to intervene must be timely. R. Ct. Fed. Cl. 24(a), (b). We review a trial court's timeliness determination for abuse of discretion. *See NAACP v. New York*, 413 U.S. 345, 365–66 (1973).

Mr. Kinghorn and Mr. Huff moved to intervene nearly one month after summary judgment was granted, and over one year after it was requested. J.A. 4. They sought to modify the judgment by over $4.5 million on a theory that had not been presented to the court by the plaintiffs in this case, a circumstance that these appellants were well aware of months before the grant of summary judgment. *Id.* Applying the relevant factors in its decision, the court denied the motion as untimely. J.A. 5–6.

We hold that the trial court did not abuse its discretion in determining that the post-judgment motion to intervene was untimely. Because timeliness is dispositive, we affirm.

**AFFIRMED**